UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND,<br><br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br>Plaintiff,<br><br>v.<br><br>WALKER SIGN HOLDINGS, INC. D/B/A LAWRENCE SIGN HANGERS<br><br>945 Pierce Butler Route<br>St. Paul, MN 55104<br><br>Defendant. | CIVIL ACTION NO. 1:19-cv-131<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>U.S. Department of Labor<br>Attn: Assistant Solicitor<br> for Plan Benefits Security<br>200 Constitution Ave., N.W.<br>Washington, DC 20002<br><br>U.S. Department of Treasury<br>Attn: Secretary of the Treasury<br>1500 Pennsylvania Avenue, NW<br>Washington, D.C. 20220 |

**COMPLAINT**

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF") hereby complains as follows:

**Introduction**

1. This is a civil action brought by an employee benefit plans, and by the Trustees of the Fund, pursuant to Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Fund seeks a monetary judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, audit fees, withdrawal liability, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502, 515

1

and 4301 of ERISA, 29 U.S.C. §§ 1132, 1145, and 1451, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Document governing the Fund.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by Sections 502(e), (f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e) (f) and 1451(c), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), Section 4301(d) of ERISA, 29 U.S.C. § 1451(d) and Section 301(a) of the LMRA, 29 U.S.C. § 185(c), as the Plaintiff Fund is administered in this district with its principal place of business in Fairfax, Virginia.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

### Parties

5. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF" or "Fund") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to

administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6. At all times relevant to this action, Defendant Walker Sign Holdings, Inc., doing business as Lawrence Sign Hangers ("Lawrence Signs"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Lawrence Signs has been incorporated in the state of Minnesota with a principal place of business at 945 Pierce Butler Route, Saint Paul, MN 55104.

**Factual Background**

7. At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union 10 ("Local 10" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Defendant was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit

contributions to NPF for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 10.

9. Pursuant to the Agreement, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Document").

10. Payments due to the Fund are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Fund relies on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

11. Without the information contained in the remittance reports, the Fund cannot determine the entire amount of the monthly contributions due to the Fund or the employees' eligibility for benefits.

12. The completed remittance reports and accompanying contribution payments must be submitted to the Fund no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

13. Article V, Section 3 of the governing Trust Agreement and Section V of NPF's Procedures for the Collection of Contributions both provide that the Fund may audit a contributing employer for the purposes of assuring the accuracy of reports and ensuring that such employer has remitted the appropriate amount of contributions to the Fund.

14. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Document, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant fails to timely submit the contractually required remittance reports and contribution payments, and

the Fund files a lawsuit to recover the unpaid contributions, Defendant is required to pay the following amounts to the Fund:

    a.    Interest on the delinquent contributions at a rate of .0233% per day, compounded daily;

    b.    Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Company fails to pay within 30 days after the due date, but pays before any lawsuit is filed;

    c.    Liquidated damages equal to the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

    d.    The attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts, including the attorneys' fees and costs in this action.

15. For the months of January 2017 through May 2018, Defendant employed employees within the jurisdiction of Local 10 for whom contributions were owed to the Fund and failed to make all the required contributions, despite its obligation to do so under the Agreement, Trust Document, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

## Withdrawal Liability

16. The NPF determined that Defendant had affected a complete withdrawal from the NPF on May 31, 2018 within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b).

17. The NPF sent notices of withdrawal to Defendant on August 22, 2018 and November 8, 2018, advising that it owed withdrawal liability to the NPF. The notices informed Defendant that withdrawal liability was assessed in the amount of $353,964.92 and that it was

amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule of 39 quarterly payments in the amount of $12,100.06 each, with the first payment being due October 1, 2018, and final remaining 40th payment of $6,012.87 due June 27, 2028.

18. In accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), Defendant had ninety (90) days from receipt of the initial notice and demand to request a review of the amount of the liability and/or the schedule for the payments. Defendant did not request review of the withdrawal liability assessment.

19. Defendant was required to begin making its withdrawal liability payments as of October 1, 2018. Defendant failed to make its first scheduled payment. To date, Defendant has failed to make any payments in accordance with the payment schedule.

20. In the letter dated November 8, 2018, the NPF also notified Defendant that it failed to make the first payment under the amortized payment schedule and provided the opportunity for Defendant to cure the delinquency. The NPF notified Defendant in this letter that the failure to correct this delinquency within sixty days of receipt of the letter would constitute a default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

21. Pursuant to 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), a party is in default if it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following a demand. In the event of default, the plan "may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5).

22. Defendant failed to respond to the NPF's November 8, 2018 letter and did not cure its failure to pay the first payment in accordance with the payment plan. Accordingly, Defendant

is in default and is liable for the remaining unpaid principal of its withdrawal liability, plus accrued interest on the unpaid amounts owed from the due date of the first owed payment not timely made.

23. Defendant is also liable for interest, liquidated damages, and reasonable attorneys' fees and costs in accordance with the Trust Document and applicable federal law, 29 U.S.C. § 1451(b), (e).

24. The Trust Document provides that interest shall be charged on any amount in default (including accrued interest), from the date the payment was due to the date it is paid. The interest shall be computed and charged at a rate of 0.0205% compounded daily.

25. The Trust Document furthers provide that in the event of default, an employer is liable to the Fund for attorneys' fees incurred by the Fund from the date of the delinquency forward and costs, and the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

**Count I**
*Amounts Owed Pursuant to Audit*

26. Plaintiffs reallege and incorporate Paragraphs 1 through 25.

27. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

28. Defendant is obligated, under the terms of the Agreement, to provide contributions to the Fund on behalf of its covered employees. Defendant has failed and refused to fulfill its contractual obligations for owed contributions and resulting interest and liquidated damages as demonstrated by a payroll audit conducted on Defendant by the Fund for the period of January 2017 through May 2018. The audit revealed that Defendant owes contributions, interest, and liquidated damages to the Fund. While contributions remain unpaid, interest continues to accrue

on these delinquent contributions and audit fees have been assessed pursuant to the Fund's Trust Document.

29. The audit revealed that Lawrence Signs owes contributions in the amount of $17,158.61 for the period of January 2017 through May 2018. In addition to the contribution amounts found due, Lawrence Signs owes $1,310.29 in interest (calculated through February 15, 2019), $3,431.73 in liquidated damages, and $1,167.23 in audit testing fees. In total, Lawrence Signs owes $23,067.86 to the Fund for unpaid contributions, interest, liquidated damages, and testing fees.

30. Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

31. Prior to commencing this lawsuit, the Fund attempted to resolve this matter directly with Defendant and its counsel. To date, Defendant has neither meaningfully responded to the Fund's demands nor satisfied its obligations to the Fund.

32. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same

**Count II**
*Withdrawal Liability*

33. Plaintiffs reallege and incorporate Paragraphs 1 through 32.

34. This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4203, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1383, 1399, 1401, and

8

1451, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

35. Defendant has failed to pay amounts owed for withdrawal liability for a period greater than sixty (60) days after notification of failure by the NPF. As a result, Defendant is in default under Section 4219 of ERISA, 29 U.S.C. § 1399(c)(5).

36. As a result of Defendant's failure to timely remit the withdrawal liability installment payments to NPF, Defendant is liable for the full principal amount of the withdrawal liability assessment pursuant to the Trust Document and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), in the amount of $353,964.92.

37. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for interest on all late payment amounts according to the Trust Document and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), in the amount of $3,512.58 (calculated through February 15, 2019). Interest continues to accrue on these unpaid amounts until the date of payment.

38. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for liquidated damages in the amount of 20% of the delinquent withdrawal liability according to the terms of the Trust Document and Section 4301(b) of ERISA, 29 U.S.C. § 1451(b) in the amount of at least $70,792.98.

39. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for the reasonable costs and attorneys' fees incurred in connection with this action according to the terms of the Trust Document and Section 4301(e) of ERISA, 29 U.S.C. § 1451(e)

**WHEREFORE**, Plaintiffs request a judgment against Defendant for all amounts due to the Fund as follows:

1. Declare that Defendant is delinquent in remitting owed contributions to the Fund pursuant to the Agreement;

2. Award Plaintiffs on behalf of the Fund a judgment for Defendant's delinquent contributions found to be due by the audit for the period of January 2017 through May 2018 in the total amount of $17,158.61;

3. Enter judgment against Defendant for interest on all delinquent contributions at a rate of 8.5% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $1,310.29;

4. Enter judgment against Defendant for liquidated damages in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions in the amount of $3,431.73;

5. Declare that Defendant has defaulted on its withdrawal liability;

6. Enter judgment against Defendant for the entirety of Defendant's withdrawal liability, in the amount of $353,964.92;

7. Enter judgment against Defendant for interest on the delinquent withdrawal liability at a rate of 0.0205% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $3,512,58;

8. Enter judgment against Defendant for liquidated damages in an amount equal to the greater of interest on the delinquent withdrawal liability calculated at the above rate, or 20% of the delinquent withdrawal liability in the amount of at least $70,792.98;

9. Enter judgment for all attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts as provided by Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g), 1451(b); and

10.     Award such other relief as the Court deems just and proper.

                                    Respectfully Submitted,

                                    /s/ Diana M. Bardes
                                Diana M. Bardes
                                Mooney, Green, Saindon, Murphy & Welch, P.C.
                                1920 L Street, NW, Suite 400
                                Washington, D.C. 20036
                                (202) 783-0010
                                (202) 783-6088 facsimile
                                dbardes@mooneygreen.com
                                Counsel for Plaintiff Pension Fund

Dated: February 4, 2019

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 4th day of February, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT TESTING FEES, WITHDRAWAL LIABILITY, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

                                                            /s/ Diana M. Bardes
                                                            Diana M. Bardes